# TIN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. GREATER CONCORD MISSIONARY BAPTIST CHURCH, an Oklahoma not-for-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> 1. FARMERS INSURANCE EXCHANGE, INC., a for-profit insurance corporation, <br> 2. MID-CENTURY INSURANCE COMPANY, LLC a for-profit Insurance corporation, <br><br> Defendants. | CASE NO.: CIV-18-422-C |

## COMPLAINT

## A. PARTIES

1. Plaintiff, Greater Concord Missionary Baptist Church (hereinafter referred to as "Greater Concord Missionary Baptist Church" or "Plaintiff"), is an Oklahoma not-for-profit corporation incorporated and organized under the laws of the State of Oklahoma.

2. Defendant, Farmers Insurance Exchange, Inc. (hereinafter referred to as "Farmers"), is a foreign for-profit insurance corporation incorporated and organized under the laws of the State of California.

3. The principal place of business for Defendant, Farmers, is Woodland Hills, California.

4. Defendant, Farmers, may be served with at its headquarters located at 4680 Wilshire Boulevard, Los Angeles, California 90010.

5. Defendant, Mid-Century Insurance Company, LLC (hereinafter referred to as "Mid-Century"), is a foreign for-profit insurance corporation incorporated and organized under the laws of the State of California.

6. The principal place of business for Defendant, Mid-Century, is Woodland Hills, California.

7. Defendant, Mid-Century, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

8. Plaintiff is an Oklahoma not-for-profit corporation with its principal location at 2522 North Shartel Avenue, Oklahoma City, OK 73103.

9. This action is not related to any other case filed in this Court.

## B. JURISDICTION

10. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. FACTS

11. At all times material hereto, the Plaintiff was insured under the terms and conditions of a property insurance policy, policy number 0605446139 issued by the Defendant, Mid-Century.

12. Defendant, Farmers, is the parent company of Defendant, Mid-Century.

13. At all times material hereto, Plaintiff complied with the terms and conditions of its insurance policy.

14. Plaintiff's property located at 2522 North Shartel Avenue, Oklahoma City, OK 73103 was built in 1917, a fact well known to Defendants.

15. On or about April 29, 2017, Plaintiff made a claim for damages to its affiliated buildings and structures located at 2522 North Shartel Avenue, Oklahoma City, OK 73103 caused by high winds.

16. The damages sustained by Plaintiff are covered perils and are not limited or excluded pursuant to the terms and conditions of Plaintiff's property insurance policy.

17. As a result of the claim made by Plaintiff, Mid-Century assigned claim number 3008532348-1-3 to the claim.

18. On or about May 12, 2017, Defendants retained Donan Engineering Co., Inc. (hereinafter referred to as "Donan") to inspect Plaintiff's property.

19. Specifically, Bryan Cline, P.E., an employee, agent or servant of Donan was sent out on behalf of Donan to inspect Plaintiff's property.

20. Donan, acting by and through its employees, agents or servants, confirmed that the force of the wind event was severe enough to blow down trees in the neighborhood and knock over fences on properties adjacent to Plaintiff's property.

21. Moreover, the National Oceanic and Atmospheric Administration's (NOAA) Storm Event Database (SED) was researched by Bryan Cline, P.E. on behalf of Donan and he confirmed that high winds occurred within the Oklahoma City, Oklahoma area for April 29, 2017.

22. In fact, Bryan Cline, P.E. reported that the SED found significant weather phenomena for April 29, 2017 having sufficient intensity to cause loss of life, injuries, significant property damage, and/or disruption to commerce.

23. Despite the presence of deadly wind gusts in the area sufficient to cause significant property damage and even the loss of life, Defendants failed to properly investigate and evaluate the damages to Plaintiff's, property.

24. Specifically, on May 31, 2017, Joe Bartlett, an employee, agent or servant of Defendants, sent a letter to Plaintiff offering a lowball offer constituting an Actual Cash Value settlement of $23,313.34 for the damage to Plaintiff's property.

25. Defendants offer was based upon its improper investigation and evaluation of Plaintiff's property. Moreover, it did not take into account the full extent of Plaintiff's damages which are covered perils and are not limited or excluded pursuant to the terms and conditions of Plaintiff's property insurance policy.

26. Plaintiff made subsequent requests for Defendants to reconsider their position.

27. However, on or about March 30, 2018, Defendants refused to offer any more money to resolve the claim than they had already tendered and proceeded to deny the remainder of claim number 3008532348-1-3.

### D.  COUNT I:  BREACH OF CONTRACT

28. Plaintiff hereby asserts, alleges and incorporates paragraphs 1-31 herein.

29. The property insurance policy No. 0605446139, issued by Defendants was in effect in April, 2017.

30. The acts and omissions of Defendants in the investigation, evaluation, and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.  Defendants breached its contract with Plaintiff by failing to conduct a reasonable investigation of the Plaintiff's claim and by improperly denying payment for damaged property and for underpaying property damage.

31. Although Plaintiff made demand for payment under the terms and conditions of its insurance policy, Defendants acts and omissions, including the improper denial of policy benefits owed on Plaintiff's claim and underpayment of Plaintiff's claim constitutes a breach of contract for which contractual damages are hereby sought.

### E.  COUNT II: BAD FAITH

32. Plaintiff hereby asserts, alleges and incorporates paragraphs 1-35 herein.

33. The acts and omissions of the Defendants in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

34. Specifically, Defendant intentionally concealed and withheld from its insured, Plaintiff, that the condition of its property following the report of claim number 3008532348-1-3 constituted a life safety risk.

35. Defendants acted unreasonably, outside of insurance industry standards, and in bad faith and by failing to timely investigate and evaluate Plaintiff's claim. Defendants were hostile to the Plaintiff and failed to work with the Plaintiff in the investigation and adjustment of its property damage claim which resulted in a wrongful denial of policy benefits for covered property.

36. Defendants' unreasonable and bad faith refusal to timely investigate and evaluate Plaintiff's claim resulted in Plaintiff sustaining additional damage to its property.

37. Defendants' unreasonable and bad faith refusal to pay for covered damages was unreasonable, outside of insurance company standards, committed in bad faith and was part of a nationwide claims strategy to improperly reduce claim payments issued to Defendants.

### F. COUNT III: PUNITIVE DAMAGES

38. Plaintiff hereby asserts, alleges and incorporates paragraphs 1-41 herein.

39. The unreasonable conduct of the Defendants in the handling of Plaintiff's claim, was intentional, willful, wanton, and was committed with a reckless

disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

## G. DEMAND FOR JURY TRIAL

40. Plaintiff hereby requests that the matters set forth herein be determined by a jury of its peers.

## H. PRAYER

41. Having properly pled, Plaintiff seeks contractual, bad faith and punitive damages against the Defendants, together in an amount in excess of $75,000.00; including costs, interest, and attorney fees.

    Respectfully submitted,

    *s/ Kenyatta R. Bethea*
    Kenyatta R. Bethea, OBA# 18650
    **HOLLOWAY, BETHEA & OSENBAUGH**
    3035 N.W. 63rd Street, Suite 102N
    Oklahoma City, OK 73116
    Telephone: (405) 246-0600
    Facsimile: (405) 810-4080
    kbethea@hbolaw.com
    **ATTORNEYS FOR PLAINTIFF**
    **GREATER CONCORD MISSIONARY**
    **BAPTIST CHURCH**

**ATTORNEY LIEN CLAIMED!**
**JURY TRIAL DEMANDED**